*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE HUMAN TISSUE PRODUCTS LIABILITY LITIGATION** | Civ. No. 06-135<br>MDL No. 1763 |
| **THIS DOCUMENT RELATES TO:**<br>The "Family Cases" | **OPINION** |
| **GRAVES v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,**<br>Civ. No. 06-5655 | **HON. WILLIAM J. MARTINI** |
| **KENNEDY-MCINNIS v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,**<br>Civ. No. 06-5140 | |
| **FOX-ZEINER v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,**<br>Civ. No. 07-3837 | |
| **FETZER v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,**<br>Civ. No. 08-3786 | |
| **WILSON v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,**<br>Civ. No. 08-5153 | |
| **MICHELLI v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,**<br>Civ. No. 06-4134 | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Regeneration Technologies, Inc.'s appeal of Magistrate Judge Mark Falk's December 12, 2008 Opinion and Order, which granted in part Plaintiffs' motion to compel the production of certain documents. There was no oral argument. Fed. R. Civ. P. 78. For the reasons that follow, Defendant's appeal is **DENIED**, and Judge Falk's Order compelling production of the "Category One" documents is **AFFIRMED**.

**I.      BACKGROUND**

Since the facts of this case are well-known to the parties, the Court will only briefly recount the relevant facts pertaining to this appeal.

In January 2007, Defendant Regeneration Technologies, Inc. ("RTI") filed a motion for summary judgment in the "family cases." RTI argued in its motion that the claims asserted by Plaintiffs in Count Six of their Amended Complaint were barred by the good faith immunity defense provided by New York's version of the Uniform Anatomical Gift Act. (Docket Entry No. 209). Specifically, RTI joined Defendant Lifecell Corporation in contending that "a party that relies on facially valid documentation of consent to donation, provided by another party, is immune from suits brought by the kin of the donor alleging emotional distress and other common law torts premised on lack of proper consent to the donation." (Docket Entry No. 213). On November 13, 2007, this Court denied RTI's motion for summary judgment, deeming a determination of good faith

2

premature, since discovery had not begun on whether RTI and the other "Tissue Bank Defendants" were aware that the consent forms at issue had been fabricated.

Discovery then commenced on the narrow issue of good faith immunity. On October 9, 2008, Plaintiffs filed instant motion to compel the production of certain documents listed by RTI on its privilege log. This motion first was filed in New York state court and then was re-filed as part of this multidistrict litigation on October 31, 2008. This motion to compel involved approximately 366 documents, which were divided into nine categories by defense counsel.

Judge Falk's December 12, 2008 Order compelled the production of the ten documents comprising "Category One."[1] The instant appeal followed.

## II. DISCUSSION

Defendant RTI filed its appeal pursuant to Local Civ. R. 72.1(c). In this appeal, RTI first states that "the Magistrate does not dispute the privileged nature of the category one documents." (RTI Mem. 6). Based on this, RTI then challenges Judge Falk's determination that it affirmatively placed these allegedly privileged communications "at issue" by raising its entitlement to good faith immunity under the Uniform Anatomical

---

[1] In his December 12, 2008 opinion, Judge Falk declined to rule on the production of Categories Two through Nine. Judge Falk cited several problems with the parties' submissions and directed them to meet and confer, pursuant to Local Civ. R. 32.1(a)(1). In addition, Judge Falk provided guidance to the parties as to how they should present sample documents from each category to the court for its consideration. While RTI devotes over five pages of its brief to commentary on Judge Falk's directions, this Court sees no basis upon which it can or should act at this time on Categories Two through Nine.

Gift Act. (RTI Mem. 4).

### A. Standard of Review

Under Fed. R. Civ. P. 72(a), a district court may reverse a Magistrate Judge's order on a non-dispositive motion if the court finds the ruling to be clearly erroneous or contrary to law. *See also* 28 U.S.C. § 636(b)(1)(A); Local Civ. R. 72.1(c)(1)(A). "The district court is bound by the clearly erroneous rule in findings of facts; the phrase "contrary to law" indicates plenary review as to matters of law." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992). The burden of showing that a ruling is "clearly erroneous or contrary to law" rests with the party filing the appeal. *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008).

### B. Applicability of the Attorney-Client and Work Product Privileges

The threshold issue presented by Plaintiffs' motion to compel is whether the attorney-client or work product privileges attach to any of the ten "Category One" documents.[2] Only if privilege applies to these documents is the question of "at issue" waiver raised.

As the party asserting privilege, RTI bears the burden of establishing that privilege

---

[2] While RTI maintains that Judge Falk "does not dispute the privileged nature of the Category One documents," *see* RTI Mem. 6, this assertion is, at best, misleading. A reading of Judge Falk's opinion reveals that he deemed the ten documents to be outside the scope of the attorney-client privilege. *See In re Human Tissue Prods. Liab. Litig.*, 255 F.R.D. 151, 161-162 (D.N.J. 2008) ("As a result, RTI has failed to establish that the ten (10) communications at issue were made primarily for the purpose of obtaining legal-as opposed to business-advice. Therefore, Plaintiffs' motion to compel the production of these documents would nevertheless be granted."); *see also* Decl. of Denise Brinker Bense, Ex. 1 at 16-18.

indeed applies.[3]  *See Spectrum Sys. Intern. Corp. v. Chem. Bank*, 78 N.Y.2d 371, 377, 575 N.Y.S.2d 809, 813 (N.Y. 1991); *Marten v. Eden Park Health Serv. Inc.*, 250 A.D.2d 44, 46-47, 680 N.Y.S.2d 750 (N.Y. App. Div. 1998); *Miranda v. Miranda*, 184 A.D.2d 286, 584 N.Y.S.2d 818 (N.Y. App. Div. 1992).  Based on the record, the Court finds that RTI failed to meet its burden.  The ten "Category One" documents involve the conveyance of business advice and were not prepared in anticipation of litigation.  Since the documents are not protected by privilege, this Court finds no error in Judge Falk's granting of the motion to compel.

1. *Attorney-Client Privilege*

This Court concurs with Judge Falk's description of the attorney-client privilege. This privilege protects confidential communications between a client and an attorney made in the course of a professional relationship. *See Spectrum Sys. Intern. Corp. v. Chem. Bank*, 78 N.Y.2d 371, 377, 575 N.Y.S.2d 809, 814 (N.Y. 1991) (citing N.Y. C.P.L.R. § 4503(a)). In order for the privilege to apply, the communication must be made "for the purpose of facilitating the rendition of legal advice or services." *Id.* at 378.  The provision of business advice is not encompassed by the privilege.  *See id.* at 379 (noting that a lawyer's communication is not cloaked with privilege when the lawyer conveys business advice); *People v. Belge*, 59 A.D.2d 307, 309, 399 N.Y.S.2d 539, 540 (N.Y. App. Div. 1977).

---

[3] The Court will use New York law to assess the applicability of the attorney-client privilege, in accordance with Judge Falk's uncontested choice of law analysis.

The determination of whether a particular document is protected is highly fact-specific and most often requires *in camera* review. *Id.* The central inquiry in this review is "whether, viewing the lawyer's communication in its full content and context, it was made in order to render legal advice or services to the client." *Spectrum Sys.*, 78 N.Y.2d at 379. Further, the communication need not include legal research *per se*, as long as the communication reflects the attorney's professional skills and judgments.[4] *Id.* at 380.

Here, *in camera* review of the ten "Category One" documents revealed that each involved the provision of business, not legal, advice. Several of the communications at issue involve the conveyance of business advice by RTI's outside counsel based on Mastromarino's background and character. *See* RTIP 0066, 0069-0070. In two of these documents, outside counsel states that the issue presented to him is not contractual in nature, but instead pertains to business sense. In addition, two other documents involve the transmission of a memorandum prepared by a private investigator. *See* RTIP 0066-67, 0071. These investigative reports and the accompanying transmittal email are not privileged simply because the sender is an attorney. *Cf. Spectrum Sys.*, 78 N.Y.2d at 379 ("an investigative report does not become privileged merely because it was sent to an

---

[4] It seems plain that these "professional skills and judgments" must be legal in nature for privilege to apply. To hold otherwise would eviscerate the well-established principle that the provision of business advice by an attorney is not covered by the attorney-client privilege. *See Spectrum Sys.*, 78 N.Y.2d at 380 ("a lawyer's communication is not cloaked with privilege when the lawyer is hired for business or personal advice, or to do the work of a nonlawyer.).

6

attorney."). An attorney's communication to a client reporting facts learned from a third party is not within the attorney-client privilege unless the information is included in legal analysis or advice communicated to the client. *See id.* at 380. The email accompanying the transmission of the investigative report in "Category One," however, lacks any indicia of legal analysis or legal professional judgment; instead, this communication appears to be aimed at making a business recommendation, as could have been accomplished by a non-lawyer.

Additional "Category One" documents involve the conveyance of background information on Mastromarino. Those communciations from RTI employees do not appear to solicit legal advice. Likewise, the communications from outside counsel do not integrate the facts conveyed into any kind of legal analysis or judgment. *See* RTIP 0063-0065; *Kenford Co., Inc. v. Erie County*, 55 A.D.2d 466, 469, 390 N.Y.S.2d 715, 718 (N.Y. App. Div. 1977) ("It has long been settled that information received by the attorney from other persons and sources while acting on behalf of a client does not come within the attorney-client privilege."). Instead, the information conveyed is plainly not legal.

The remaining document is a copy of a signed contract, which bears no indication that it was prepared by an attorney in the course of a professional relationship. *See* RTIP 0068. The mere transmission of this contract to outside counsel does not, on its own, render the document privileged. Looking at this document in its full content and context, the Court finds that this contract was sent to outside counsel for the purpose of obtaining

attorney."). An attorney's communication to a client reporting facts learned from a third party is not within the attorney-client privilege unless the information is included in legal analysis or advice communicated to the client. *See id.* at 380. The email accompanying the transmission of the investigative report in "Category One," however, lacks any indicia of legal analysis or legal professional judgment; instead, this communication appears to be aimed at making a business recommendation, as could have been accomplished by a non-lawyer.

Additional "Category One" documents involve the conveyance of background information on Mastromarino. Those communciations from RTI employees do not appear to solicit legal advice. Likewise, the communications from outside counsel do not integrate the facts conveyed into any kind of legal analysis or judgment. *See* RTIP 0063-0065; *Kenford Co., Inc. v. Erie County*, 55 A.D.2d 466, 469, 390 N.Y.S.2d 715, 718 (N.Y. App. Div. 1977) ("It has long been settled that information received by the attorney from other persons and sources while acting on behalf of a client does not come within the attorney-client privilege."). Instead, the information conveyed is plainly not legal.

The remaining document is a copy of a signed contract, which bears no indication that it was prepared by an attorney in the course of a professional relationship. *See* RTIP 0068. The mere transmission of this contract to outside counsel does not, on its own, render the document privileged. Looking at this document in its full content and context, the Court finds that this contract was sent to outside counsel for the purpose of obtaining

business advice.

The Court notes that if a communication is "primarily or predominantly of a legal character, the privilege is not lost merely by reason of the fact that it also refers to certain nonlegal matters." *Rossi v. Blue Cross & Blue Shield of Greater N.Y.*, 73 N.Y.2d 588, 594, 542 N.Y.S.2d 508, 511 (N.Y. 1989). However, these documents are not primarily or predominantly of a legal character, notwithstanding RTI's assertions to the contrary.

In support of its claim of privilege, RTI submitted an affidavit from Jerome Hoffman, the outside counsel at issue. Mr. Hoffman states in his affidavit that he was retained for the purpose of providing legal advice. Decl. of Denise Brinker Bense, Ex. 2. While the Court notes Mr. Hoffman's assertion, it is also "not bound by the conclusory characterizations of client or counsel that the retention was for the purpose of rendering legal advice." *Spectrum Sys.*, 78 N.Y.2d at 379. Further, the pertinent issue is not Mr. Hoffman's perception of why he was retained, it is the character of the advice rendered. Mr. Hoffman himself describes the issue before him as a business decision – specifically whether it made good business sense to continue a relationship with Mastromarino. *See* RTIP 0069; *contra Spectrum Sys.*, 78 N.Y.2d at 379-80 (finding no reason to disregard client and counsel's assertion that retention was for the purpose of rendering legal advice where the legal nature of the advice was evident from the contested document itself).

After viewing these documents in their full content and context, this Court agrees with Judge Falk that outside counsel was involved in this matter solely for the purpose of

conducting a factual investigation and making strategic recommendations with respect to RTI's business relationship with Michael Mastromarino and Biomedical Tissue Services ("BTS"). As such, these "Category One" documents are not covered by attorney-client privilege.

### 2. *Work-Product Privilege*

The Court concurs as well with Judge Falk's description of work-product privilege. The federal work-product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir.2000) (citation omitted); Fed. R. Civ. P. 26(b)(3). The party asserting work product protection has the burden of demonstrating that the documents were prepared in anticipation of litigation. *Conoco, Inc. v. U.S. Dep't of Justice*, 687 F.2d 724, 730 (3d Cir.1982). The fact that the documents sought for discovery do not include legal advice is "as a matter of law, irrelevant provided ... they were prepared in anticipation of litigation." *In re Ford Motor Co.*, 110 F.3d 954, 968 (3d Cir.1997).

As such, the Court first examines whether these documents were created in anticipation of litigation. Here, Defendants have not met their burden, since there is nothing in the record to support that these documents were created with litigation in mind. Instead, these documents appear to have been prepared for the reasons discussed above, i.e. to transmit factual information about the background of Michael Mastromarino and to

9

provide business and strategic advice regarding RTI's relationship with BTS. Accordingly, these ten "Category One" documents are not shielded by the work-product privilege. Since Defendants have failed to demonstrate that privilege applies to these documents, the Court affirms Judge Falk's granting of Plaintiff's motion to compel.[5]

### III.    CONCLUSION

For the foregoing reasons, Defendant's appeal is **DENIED**, and Judge Falk's Order compelling production of the "Category One" documents is **AFFIRMED**. An appropriate Order follows this Opinion.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[5] Since the Court holds that the ten "Category One" documents are not shielded by privilege, the issue of implied waiver is moot for the purpose of this appeal.