*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HUMAN TISSUE PRODUCTS LIABILITY LITIGATION | Civ. No. 06-135<br>MDL No. 1763 |
| THIS DOCUMENT RELATES TO:<br>The "Family Cases" | OPINION |
| GRAVES v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,<br>Civ. No. 06-5655 | HON. WILLIAM J. MARTINI |
| KENNEDY-MCINNIS v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,<br>Civ. No. 06-5140 | |
| FOX-ZEINER v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,<br>Civ. No. 07-3837 | |
| FETZER v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,<br>Civ. No. 08-3786 | |
| WILSON v. BIOMEDICAL TISSUE SERVICES, LTD., et al.,<br>Civ. No. 08-5153 | |
| MICHELLI V. BIOMEDICAL TISSUE SERVICES, LTD., et al.<br>Civ. No. 06-4134 | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Regeneration Technologies, Inc.'s third bite at the apple. After Magistrate Judge Mark Falk granted in part Plaintiffs' motion to compel the production of certain documents pertaining to the "Family Cases" in this litigation, Defendant Regeneration Technologies, Inc. ("RTI") filed an appeal to this Court. When this Court denied Defendant RTI's appeal of Judge Falk's discovery order, RTI filed the instant motion for reconsideration pursuant to Local Civil Rule 7.1(i). This motion is decided on the papers.[1] Fed. R. Civ. P. 78. For the reasons that follow, Defendant's motion for reconsideration is **DENIED**.

**I.      DISCUSSION**

This Court recited the facts of this case at length in its previous opinion and will not do so again here, except as necessary for the disposition of the pending motion. *See In re Human Tissue Prod. Liab. Litig.*, 2009 WL 1097671(D.N.J. Apr. 23, 2009); *see also In re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151 (D.N.J. 2008) (Falk) (discussing underlying facts and proceedings).

**A.      Motion for Reconsideration Standard**

A motion under Rule 7.1(i) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *see also North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Such a motion "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Management LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001). Further, the Rule "does not contemplate a Court looking to matters which were not originally presented." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988).

---

[1] Following the submission of Plaintiffs' opposition papers, Defendant RTI filed a reply brief without seeking leave from the Court. *See* Docket No. 798. As the parties are well-aware, this is impermissible under the Local Rules. *See* L. Civ. R. 7.1(d)(3). Consequently, this Court gives no weight to RTI's reply in consideration of the instant motion.

### B. Merits of Defendant RTI's Motion

In its brief, Defendant RTI asserts three bases for reconsideration: (1) to correct an error of fact and to consider a Supplemental Affidavit of Jerome Hoffman, Esquire; (2) to correct an error of law and to consider additional caselaw; and, (3) to prevent a manifest injustice by conducting an *in camera* hearing on the business advice issue. Each of these grounds for reconsideration will be addressed in turn.

*1. The Alleged Error of Fact and the Supplemental Affidavit*

Defendant RTI first argues that the instant motion for reconsideration is necessary "to correct an error of fact and to consider a Supplemental Affidavit of Jerome Hoffman, Esquire." *See* Def.'s Br. 2. The alleged error of fact cited by RTI is this Court's finding that the Category One documents – specifically RTIP0068-0069 – contain business advice. While Defendant RTI's displeasure with this finding is certainly understandable, disagreement with the Court's opinion is not a proper basis for reconsideration. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) ("Mere disagreement with a decision of the District Court ... is inappropriate on a motion for reargument.").

In an attempt to demonstrate that its outside counsel, Jerome Hoffman, was providing legal advice in the documents at issue, Defendant RTI introduces for the first time a "supplemental affidavit" from Messr. Hoffman. Defendant RTI states that had it been aware that the Court considered the original Hoffman affidavit[2] "deficient," it would have provided the instant supplemental affidavit from the outset. Def.'s Br. 3.

This proffered excuse falls short. RTI does not represent that the "supplemental affidavit" contains newly discovered evidence. To the contrary, RTI states that this information simply was not provided to the Court because RTI did not deem it necessary at that time. As such, submission of this "supplemental affidavit" is nothing more than an attempt to introduce additional evidence on reconsideration that could have been presented earlier to Magistrate Judge Falk. This is plainly improper. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration."); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 535 (D.N.J. 1998) (refusing to consider affidavits

---

[2] The original Hoffman affidavit was appended to Defendant RTI's opposition to the motion to compel before Magistrate Judge Falk. *See* Docket No. 702. In this affidavit, Messr. Hoffman characterizes the Category One documents as either containing legal advice or assisting in the formulation of legal advice. *See id.*

submitted for the first time on a motion for reconsideration and stating that a party "cannot withhold data or detail in connection with the [original] Motion ... wait for a decision on that motion and then attempt to dissect the decision and submit information which should have been presented earlier.").[3]  While RTI maintains that this Court has discretion to consider newly submitted evidence on reconsideration, the Court finds no basis to do so in this instance.  Accordingly, the "supplemental affidavit" will not be considered.  Reconsideration on this basis is denied.

*2. The Alleged Error of Law and Attempt to Present New Case Law*

Next, Defendant RTI argues that it would have presented additional Florida and New York state caselaw on the subject of privilege had it known that its motion would be denied.  Def.'s Br. 9.  As such, RTI contends that it should be permitted to make such a showing now, on its motion for reconsideration of this Court's denial of its magistrate appeal.  This argument is without merit.

As an initial matter, Defendant RTI has not presented a proper basis for presenting new caselaw on reconsideration.  There has been no intervening change in the controlling law.  Instead, the problem appears to be that RTI failed to raise the Florida conflict of law issue to this Court in its appeal of Magistrate Judge Falk's opinion and order.  Since this argument was not raised to this Court by RTI on its objections to Judge Falk's decision, it is not properly raised now on reconsideration. *See Joyce v. Sea Isle City*, Civ. No. 04-5345, 2008 WL 2875456, at *2 (D.N.J. July 23, 2008) (stating that where argument not raised in original moving papers, "this Court cannot entertain it for the first time on a motion for reconsideration.").

Further, RTI presents several pages of argument discussing caselaw from outside the Third Circuit.  Such case law cannot be "overlooked" where not presented to the Court in the first instance. *See Feit v. Great-West Life and Annuity Ins. Co.*, 460 F.Supp.2d 632, 644 (D.N.J. 2006) (stating that litigant's attempt to raise new arguments "falls afoul of the admonition to confine the grounds for reconsideration to matters previously presented to, but overlooked by, the court on the original motion.").  In addition, only "controlling decisions" are properly presented to the Court on a motion for reconsideration.  *See* L. Civ. R. 7.1(i).

---

[3] *See also Koch Materials Co. v. Shore Slurry Seal, Inc.*, 209 F. Supp. 2d 418, 420 (D.N.J. 2002) ("[A party] must bear the burden of its own omissions. Otherwise, litigants, who too often will desire to delay, to increase the expense of litigation for their opposition, or simply to economize on their own research costs, will not have sufficient incentive to consolidate all the pertinent facts and law together in one ... motion.").

As noted *infra*, disagreement with the Court's decision is not a proper basis for reconsideration, nor is disagreement a basis upon which to introduce new arguments and new caselaw that could have been addressed in Defendant's moving brief. Consequently, reconsideration is denied.

   3.   *Request for Hearing*

Finally, Defendant RTI requests that the Court hold an *in camera* hearing to assess "the merits of parties [sic] claim of protection by the attorney-client privilege and/or work product doctrine." Def.'s Br. 7. This request is denied. Defendant RTI did not request such a hearing in its original motion to this Court, and the Court sees no basis to grant a hearing now on reconsideration.[4]

   4.   *Future Motions for Reconsideration*

After consideration of Defendant RTI's motion, the Court would like to encourage the parties to pay close attention to the Local Civil Rule 7.1(i) and the relevant caselaw. Motions for reconsideration are not a routine part of the litigation process. Instead, reconsideration is an extraordinary remedy and is granted very sparingly. *See, e.g. Aruanno v. Booker*, Civ. No. 08-305, 2009 WL 1173438, at *1 (D.N.J. Apr. 29, 2009). While Plaintiffs and Defendants are certainly entitled to advocate for their positions, the parties are hereby put on notice that any future motion for reconsideration of a magistrate appeal in this litigation will be summarily dismissed unless it presents: (1) an intervening change in the controlling law; (2) newly-discovered or newly-available evidence; or (3) binding precedent demonstrating a clear error of law.

---

[4] In its brief, Defendant RTI represents that it "did not have the benefit of oral argument before the Magistrate [Judge Falk] or this Court." Def.'s Br. 3. This language is, at best, imprecise. Magistrate Judge Falk held a hearing on the case at bar on November 10, 2008. *See* RTI's Dec. 31. 2008 Brief at 2 ("On November 10, 2008, the Magistrate held an in-person hearing on plaintiffs' motion to compel. The privilege log entries, the categories set forth in RTI's opposition to the motion to compel, the types of documents and the law were discussed at length at this hearing which lasted more than 2 hours.") (Docket No. 732).

### III.   CONCLUSION

For the foregoing reasons, Defendant RTI's motion for reconsideration is **DENIED**.  An appropriate Order follows this Opinion.

/s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**
