UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE HUMAN TISSUE PRODUCTS LIABILITY LITIGATION | : 2:06-135(WJM) <br> : <br> : MDL DOCKET NO. 1763 <br> : |
| This Document Relates to: <br> All Actions | : <br> : <br> : |

## ORDER REQUIRING COUNSEL FOR NON-SETTLING RECIPIENT PLAINTIFFS TO UNDERTAKE FULL RESPONSIBILITY FOR THE PROSECUTION OF THEIR INDIVIDUAL CASES

**THIS MATTER** comes before the Court on the Joint Application by Plaintiffs' Co-Lead Counsel, Medical Monitoring Counsel, Plaintiffs' Co-Liaison Counsel, the Executive Committee, and Defendants made during a court conference on December 2, 2009 for the entry of an Order to Show Cause.

WHEREAS, on September 22, 2009, the MDL Court, through the Honorable William J. Martini, held a Settlement Conference which included all parties and all issues relating to the more than 350 recipient plaintiffs currently on appeal or stayed in the MDL;

WHEREAS, counsel for all parties have worked diligently to achieve a global settlement of the MDL recipient cases;

WHEREAS, the MDL parties were ordered to return to the Settlement Conference before the MDL Court on October 14, 2009 and then again on November 13, 2009;

224305 v1

WHEREAS, the various MDL counsel and defense counsel have agreed to a settlement in principle ("offers of settlement");

WHEREAS, more than 300 recipient plaintiffs in the MDL, repesenting more than 87% of the MDL recipient cases, have in fact agreed to offers of settlement, including the clients of all attorneys serving as Plaintiffs' Co-Lead Counsel, Medical Monitoring Counsel, Plaintiffs' Co-Liaison Counsel, and the Executive Committee;

WHEREAS, if a global settlement of the recipient cases is not accomplished then a continuation of the litgation by counsel for individual, non-settling recipient plaintiffs might be necessary;

WHEREAS, the Court having considered the parties' joint request that the attorneys for all recipient plaintiffs who have not responded to or accepted the offer to settle ("non-settling recipient plaintiffs") be required to undertake the responsibilities of Plaintiffs' Co-Lead Counsel, Medical Monitoring Counsel, Plaintiffs' Co-Liaison Counsel, and the Executive Committee as it applies to their individual cases; notice having been provided to all Counsel of record in the MDL; and for good cause having been shown,

**IT IS** on this ___ day of ___ 2009, hereby,

**ORDERED** that the attorneys for those non-settling recipient plaintiffs who have not responded to or accepted the offer to settle shall be required to undertake all responsibilities associated with prosecuting their individual cases effective 10 days from the entry of this Order including but not limited to the following tasks, which were previously assigned to Plaintiffs' Co-

224305 v1

Lead Counsel, Medical Monitoring Counsel, Plaintiffs' Co-Liaison Counsel, and/or the Executive Committee:

A. prosecution of the Third Circuit Appeal, permitting current Co-Lead and Co-Liaison Counsel to withdraw their appearance and appeal papers and requiring the individual counsel of the non-settling recipient plaintiffs to prepare and file their appearance and appeal papers in the Third Circuit;

B. convening meetings of counsel;

C. initiating, responding to, scheduling, briefing, and arguing of all motions;

D. determining the scope, order, and conduct of all discovery proceedings including the preparation of interrogatories and requests for production of documents, examination of witnesses at depositions, and responsibility for the management of a depository for electronic discovery exchanged thus far through this litigation;

E. conducting settlement negotiations with defendants for their respective cases;

F. retaining experts;

G. receiving orders from the court and documents from opposing parties and counsel;

H. determining the position of their individual plaintiffs on all matters during pretrial proceedings and presenting them to the court where appropriate;

I. attending all court conferences;

J. electronically filing papers;

K. managing all other matters concerning the prosecution or resolutions of their

224305 v1

individual cases up to and including trial; and

L.    taking responsibility for the payment of all expenses associated with the foregoing, including but not limited to court reporters, experts, and document depository operating costs.

**IT IS FURTHER ORDERED THAT** Plaintiffs' Co-Lead Counsel, Medical Monitoring Counsel, Plaintiffs' Co-Liaison Counsel, and the Executive Committee be relieved of all responsibilities as they apply to the prosecution of the individual cases at issue, including but not limited to those set forth above.

**IT IS FURTHER ORDERED THAT any non-settling recipient plaintiff whose "bone failure" claim has been administratively stayed by this Court shall serve on Defendants a copy of all expert reports complying with Rule 26 by January 15, 2010.**

By the Court:

_____
Hon. William J. Martini, U.S.D.J.

224305 v1