UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: HUMAN TISSUE PRODUCTS LIABILITY LITIGATION** | Docket No. 06-CV-135 (WJM) |
| | MDL No. 1763 |
| **This Document Relates to:** | **ORDER** |
| *Byrnes v. Biomedical Tissue Services, Ltd., et al.*, Civil Action No. 07-4705 | **HON. WILLIAM J. MARTINI** |
| *Houston, et al. v. Biomedical Tissue Services, Ltd.*, et al., Civil Action No. 07-4711 | |
| *Marcario, et al. v. Biomedical Tissue Services, Ltd.*, et al., Civil Action No. 07-4750 | |
| *McLean, et al. v. Biomedical Tissue Services, Ltd.*, et al., Civil Action No. 07-2146 | |
| *Winters, et al. v. Biomedical Tissue Services, Ltd.*, et al., Civil Action No. 07-4768 | |
| *Kalmbach v. Biomedical Tissue Services, Ltd., et al.*, Civil Action No. 07-4766 | |
| *Fetzer v. Biomedical Tissue Services, Ltd., et al.*, Civil Action No. 08-3786 | |
| *Fox-Zeiner, et al. v. Biomedical Tissue Services, Ltd.*, et al., Civil Action No. 07-3837 | |
| *Wilson, et al. v. Biomedical Tissue Services, Ltd.*, et al., Civil Action No. 08-5306 | |
| *Kennedy-McInnis, et al. v. Biomedical Tissue Services, Ltd., et al.*, Civil Action No. 06-5140 | |

**THIS MATTER** comes before the Court on the summary judgment motions filed by Defendants LifeCell Corporation ("LifeCell"), Regeneration Technologies, Inc. ("RTI"), Tutogen Medical (United States), Inc. ("Tutogen"), Zimmer Dental, Inc. ("Zimmer"), and Medtronic, Inc., Medtronic Sofamor Dankek USA, Inc., and Spinalgraft Technologies, LLC (collectively "Medtronic"). Defendants move for dismissal on standing grounds, arguing in their respective motions that they did not receive, process, sell, or procure the allografts allegedly either extracted from the donor decedents or implanted in the recipient plaintiffs in the above-captioned ten cases.

In support of their motions for summary judgment, Defendants each make substantially the same argument. Defendants contend that the plaintiffs have not established standing since they have failed to show that they were harmed by Defendants' actions. Specifically, Defendants argue that this Court's previous holding in *Kennedy-McInnis v. Biomedical Tissue Serv.*, 2007 WL 4117237 (D.N.J. Nov. 13, 2007), is applicable here. In *Kennedy-McInnis*, this Court ruled that plaintiffs lacked standing to assert claims against Tutogen and the Blood and Tissue Center of Central Texas (BTCCT) because plaintiffs failed to rebut "affidavits disclaiming any involvement in the harvesting or processing of the body parts" harvested. *See Kennedy-McInnis*, 2007 WL 4117237, at *3. As such, the Court stated that Tutogen and BTCCT "appropriately shifted the burden to plaintiffs to establish some link between their conduct and the alleged harm to the plaintiffs." *Id.* at *4. Since Plaintiffs did not provide any evidence attacking the veracity of these affidavits or otherwise establishing this link, this Court granted summary judgment to Tutogen and BTCCT.

The instant motions for summary judgment filed by Defendants LifeCell, RTI,

Tutogen, Zimmer, and Medtronic are based on the same rationale. These Defendants have submitted affidavits, each disclaiming any role in the processing, harvesting, or distribution of the allografts in question.[1] Since Defendants LifeCell, RTI, Tutogen, Zimmer, and Medtronic each have disclaimed any involvement with the tissue in these particular cases, they have shifted the burden back to Plaintiffs to establish some link between Defendants' conduct and the injuries alleged. Plaintiffs have made no demonstration in these cases of these five Defendants' involvement nor have they challenged the accuracy and truthfulness of Defendants' affidavits. In fact, these motions each remain unopposed. Thus, for the reasons set forth in this Court's *Kennedy-McInnis* opinion and discussed above, the motions for summary judgment filed by Defendants LifeCell, RTI, Tutogen, Zimmer, and Medtronic are granted.

For the foregoing reasons, and for good cause appearing;

**IT IS** on this 23rd day of February 2010, hereby

**ORDERED** that the motions for summary judgment filed by Defendants LifeCell, RTI, Tutogen, Zimmer, and Medtronic are **GRANTED**; and it is

**FURTHER ORDERED** that *Fox-Zeiner, et al. v. Biomedical Tissue Services, Ltd., et al.* (07-3837) and *Wilson, et al. v. Biomedical Tissue Services, Ltd., et al.* (08-5306) are **DISMISSED WITH PREJUDICE** with respect to Defendant LifeCell and it is

---

[1] While Medtronic did not submit an affidavit with its papers, Medtronic joined in the motion for summary judgment submitted by RTI. Medtronic, as RTI's distributor, cannot be held liable for distribution of the tissue in question, since RTI has demonstrated that the tissue in the instant actions either did not come from Biomedical Tissue Services or did not come from RTI. Thus, because plaintiffs lack standing to sue RTI, they also lack standing to sue RTI's distributor.

**FURTHER ORDERED** that *Byrnes v. Biomedical Tissue Services, Ltd., et al.* (07-4705); *Houston, et al. v. Biomedical Tissue Services, Ltd., et al.* (07-4711); *Marcario, et al. v. Biomedical Tissue Services, Ltd., et al.* (07-4750); *McLean, et al. v. Biomedical Tissue Services, Ltd., et al.* (07-2146); *Winters, et al. v. Biomedical Tissue Services, Ltd., et al.* (07-4768); *Fetzer v. Biomedical Tissue Services, Ltd., et al.* (08-3786); and *Kennedy-McInnis, et al. v. Biomedical Tissue Services, Ltd., et al.* (Plaintiff Rolann Bailey only) (06-5140) are **DISMISSED WITH PREJUDICE** with respect to Defendant RTI and it is

**FURTHER ORDERED** that *Byrnes v. Biomedical Tissue Services, Ltd., et al.* (07-4705); *Houston, et al. v. Biomedical Tissue Services, Ltd., et al.* (07-4711); *Marcario, et al. v. Biomedical Tissue Services, Ltd., et al.* (07-4750); *McLean, et al. v. Biomedical Tissue Services, Ltd., et al.* (07-2146); and *Winters, et al. v. Biomedical Tissue Services, Ltd., et al.* (07-4768) are **DISMISSED WITH PREJUDICE** with respect to Defendant Medtronic and it is

**FURTHER ORDERED** that *Kalmbach v. Biomedical Tissue Services, Ltd., et al.* (07-4766) is **DISMISSED WITH PREJUDICE** with respect to Defendants Tutogen and Zimmer.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**